# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**MELVIN L. PERKINS**                                           **PLAINTIFF**

**v.**                              **CIVIL ACTION NO. 1:19-cv-916-HSO-RHWR**

**SCOTT MIDDLEBROOKS,** *et al*                               **DEFENDANTS**

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

BEFORE THE COURT is the [38] Motion for Summary Judgment filed by Defendants Scott Middlebrooks and Karen Brown. Defendants Leddonna Evans, Rodrick Evans, Ronnie Lampley, and Shetica Lockhart joined the Motion. *See* Joinder in Doc. [42]. Plaintiff Melvin L. Perkins has filed a response. Pl.'s Resp. to Mot. for Summ. J. [40]. Having considered the submissions of the parties, the record, and relevant legal authority, the undersigned United States Magistrate Judge recommends that Defendants' [38] Motion for Summary Judgment be granted, and Plaintiff's Complaint be dismissed with prejudice.

### I. BACKGROUND

On December 2, 2019, Plaintiff Melvin L. Perkins ("Plaintiff" or "Perkins"), a postconviction inmate in the custody of the Mississippi Department of Corrections ("MDOC"), filed the Complaint [1] in this case asserting claims under 42 U.S.C. § 1983 arising out of his incarceration at the Wilkinson County Correctional Facility ("WCCF"). Plaintiff is proceeding *pro se* and *in forma pauperis*. Plaintiff named as Defendants MDOC employees Scott Middlebrooks, Karen Brown, Rodrick Evans, Leddonna Evans, Ronnie Lampley, and Shetica Lockhart (collectively "Defendants").

1

Plaintiff's Complaints raises five distinct claims: (1) Perkins was improperly issued a rule violation report ("RVR") after a cell phone and knife were found in his cell, because another inmate, Christopher Austin, admitted they belonged to him; (2) WCCF officials retaliated against Perkins for filing prior lawsuits; (3) gang-affiliated inmates exercise undue influence at WCCF; (4) Defendant Brown told other inmates that "court writers" (i.e., prisoner litigants) were the reason for the shakedown that occurred in Plaintiff's cell; and (5) Defendant Brown interfered with Perkin's ability to obtain hygiene products typically given to indigent inmates. *See* Compl. [1], Mot. to Am. [5], Mot. to Adv. [12].

Plaintiff filed multiple grievances through the Administrative Remedies Program ("ARP") regarding his claims. Two of the grievances relate to the RVR Perkins received. *See* Mot. for Summ. J. [38-1] at 2-3. The third grievance is related to Perkin's claim that Defendant Brown interfered with his ability to obtain hygiene products typically given to indigent defendants. *Id.*

On April 9, 2021, Defendants Brown and Middlebrooks filed a [38] Motion for Summary Judgment alleging that Perkins failed to exhaust his administrative remedies prior to filing suit. *See* Mot. for Summ. J. [38]. The remaining Defendants joined the Motion. *See* Joinder in Doc. [42]. Plaintiff responded in opposition, arguing that he had exhausted his administrative remedies prior to filing suit. *See* Resp. to Mot. for Summ. J. [40].

## II. **DISCUSSION**

A. <u>Legal Standard</u>

Summary judgment is mandated "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(c). A motion for summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When evaluating a motion for summary judgment, the Court must construe "all facts and inferences in the light most favorable to the non-moving party." *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012) (quoting *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010)).

The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 323 (quoting Fed. R. Civ. P. 56(c)). If the movant carries this burden, the burden shifts to the non-moving party to show that summary judgment should not be granted. *Id.* at 324. "The non-movant must go beyond the pleadings and come forward with specific facts indicating a genuine issue for trial to avoid summary judgment." *Abarca v. Metro Transit Auth.*, 404 F.3d 938, 940 (5th Cir. 2005) (citing *Celotex Corp.*, 477 U.S. at 324). In the absence of any proof, the Court

will not assume that the Plaintiff "could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

B. <u>Plaintiff Failed to Exhaust Available Administrative Remedies Prior to Filing Suit</u>

The Prison Litigation Reform Act ("PLRA") requires prisoners "confined in any jail, prison, or other correction facility" to exhaust available administrative remedies before filing a lawsuit. 42 U.S.C. § 1997e(a). This exhaustion requirement protects administrative agency authority, promotes efficiency, and produces "a useful record for subsequent judicial consideration." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006) (quoting *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992)). A prisoner's failure to exhaust available administrative remedies undermines these purposes.

> The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance. The prison grievance system will not have such an opportunity unless the grievant complies with the system's critical procedural rules. A prisoner who does not want to participate in the prison grievance system will have little incentive to comply with the system's procedural rules unless noncompliance carries a sanction . . . .

*Id.* at 95. Dismissal is mandatory where a prisoner fails to properly exhaust available administrative remedies before filing suit in federal court. *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012) (quoting *Woodford*, 548 U.S. at 85).

A prisoner cannot satisfy the PLRA's exhaustion requirements by filing an untimely or otherwise procedurally defective administrative grievance or appeal" because "proper exhaustion of administrative remedies is necessary." *Woodford*, 548

4

U.S. at 83-84; *see also Johnson v. Ford*, 261 F. App'x 752, 755 (5th Cir. 2008) (the Fifth Circuit takes "a strict approach" to the PLRA's exhaustion requirement) (citing *Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003)); *Lane v. Harris Cty. Med. Dep't*, No. 06-20935, 2008 WL 116333, at *1 (5th Cir. 2008) (under the PLRA, "the prisoner must not only pursue all available avenues of relief; he must also comply with all administrative deadlines and procedural rules").

Mississippi Code Annotated § 47-5-801 grants the MDOC the authority to adopt an administrative review procedure at each of its correctional facilities. Pursuant to this authority, the MDOC created an ARP through which an inmate may seek formal review of a complaint relating to any aspect of his incarceration. *See* Mississippi Department of Correction Handbook[1] at Ch. VIII. The ARP is a two-step process. An inmate is required to submit his initial grievance or request, in writing, through the Inmate Legal Assistance Program ("ILAP") within thirty days of an alleged incident. MDOC's ARP provides that where defects in the original grievance are minor ("technical" or "matters of form"), an inmate may submit a corrected grievance within five days of the rejection. If, after screening, the grievance or request is accepted into the ARP, an official will issue a First Step Response. If the inmate is unsatisfied with the First Step Response, he may continue to the Second Step by using ARP form ARP-2. The Superintendent, Warden, or Community Corrections Director will then issue a final ruling, or Second Step Response – which completes the ARP process. Issuance

---

[1] *See* http://www.mdoc.ms.gov/Inmate-Info/Pages/Inmate-Handbook.aspx. (Last visited October 26, 2021).

of the Second Step Response is the only way to complete the grievance process. If the inmate is unsatisfied with that response, he may file suit in state or federal court. *Id.*

A prisoner cannot satisfy the exhaustion requirement by filing a procedurally defective grievance or appeal. *Woodford*, 548 U.S. at 85. Rejection of a grievance during the screening phase terminates the grievance and does not count as exhaustion of the grievance process. *See Seales v. Shaw*, No. 5:15-cv-59-KS-MTP, 2016 WL 616749, at *3 (S.D. Miss. 2016), *report and recommendation adopted sub nom. Seales v. Wilkinson Cty. Corr. Facility*, No. 5:15-cv-59-KS-MTP, 2016 WL 616385 (S.D. Miss. 2016) (finding rejection during initial MDOC screening process did not constitute exhaustion); *Goldmon v. Epps*, No. 4:14-cv-0112-SA-SAA, 2015 WL 5022087, at *3 (N.D. Miss. 2015) (same); *see also Robinson v. Wheeler*, 338 F. App'x. 437 (5th Cir. 2009) (upholding Louisiana initial screening provision of prison grievance process).

Plaintiff filed two grievances through the ARP process related to his claim that he was improperly issued an RVR after a cell phone and knife were discovered in his cell. In his first grievance, WCCF-19-601, Plaintiff complained that he was improperly found guilty on his RVR's for possession of major contraband and requested that the RVR's be overturned. *See* Mot. for Summ. J. [38-1] at 2. The ARP Director rejected this grievance because Plaintiff refused to attend his RVR hearing, which barred him from appealing under MDOC policy. *Id. See also* Mot. for Summ. J. [38-3] at 2 (citing MDOC policy stating, "If the inmate waives his/her right to appear and is found guilty, he/she cannot appeal the decision.") In his second grievance,

6

WCCF-20-423, Plaintiff complained that he was being improperly housed in a holding cell and had his custody classification improperly downgraded following the RVR for possession of a cell phone and knife. *See* Mot. for Summ. J. [38-1] at 3. This grievance was filed on or about February 5, 2020, more than two months after Plaintiff filed his Complaint in this case. *Id*.

The Fifth Circuit takes "a strict approach" to the PLRA's exhaustion requirement, *Johnson*, 261. Fed. App'x. at 755, and dismissal is mandatory where a prisoner fails to properly exhaust available administrative remedies prior to filing suit, *Gonzalez*, 702 F.3d 785. Plaintiff's first grievance, WCCF-19-601, was procedurally defective, as he was barred from appealing his RVR through the ARP program because he failed to attend the RVR hearing. While his second grievance, WCCF-20-423, was filed more than two months after he initiated this suit. Because Plaintiff failed to properly exhaust his administrative remedies prior to filing suit on his claims related to receiving an allegedly improper RVR for possession of a cell phone and knife, this claim must be dismissed.

Plaintiff filed one grievance, WCCF-20-105, related to his claim that Defendant Brown interfered with his ability to obtain hygiene products typically given to indigent defendants. Mot. for Summ. J. [38-1] at 3. Plaintiff requested that Defendant Brown be referred to the Wilkinson County District Attorney's Office. *Id*. The ARP Director rejected the grievance because it requested relief beyond the ARP's power to grant. *Id*. Plaintiff did not re-file a corrected grievance. Rejection at the initial screening phase does not count as exhaustion of the grievance process. *See Seales,*

7

2016 WL 616385 (S.D. Miss. 2016). Because Plaintiff failed to properly exhaust his administrative remedies prior to filing suit, as to his claim that Defendant Brown interfered with his ability to obtain hygiene products typically given to indigent defendants, this claim must be dismissed.

Plaintiff did not file any grievances through the ARP process related to his remaining three claims. The PLRA provides that "[n]o action shall be brought with respect to prison conditions under ... any ... Federal law ... by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Plaintiff's failure to submit his claims through the ARP deprives the grievances system of the fair opportunity to consider and address his claims. *Woodford*, 548 U.S. at 95. Plaintiff failed to submit grievances related to his claims that WCCF officials retaliated against him for filing prior lawsuits, gang-affiliated inmates exercise undue influence at WCCF, and Defendant Brown told other inmates that "court writers" (i.e., prisoner litigants) were the reason for the shakedown that occurred in his cell. Plaintiff, therefore, failed to exhaust his available administrative remedies prior to filing suit, and his remaining claims must be dismissed.

In conclusion, the undersigned finds that Plaintiff failed to properly exhaust his available administrative remedies as to any of his claims prior to filing this suit. As to Plaintiff's claim that he was improperly issued an RVR, Plaintiff's first grievance, WCCF-19-601, was procedurally defective, while his second grievance, WCCF-20-423, was filed after he filed this suit. As to Plaintiff's claim that Defendant Brown

interfered with his ability to obtain hygiene products, Perkins's grievance, WCCF-20-105, was rejected at the initial screening phase for requesting relief beyond the power of the ARP to grant, and he did not re-file as required by MDOC policy. Finally, Plaintiff did not raise any of his remaining three claims through the ARP program prior to raising them in this suit.

### III. RECOMMENDATION

The undersigned United States Magistrate Judge recommends that Defendant's [62] Motion for Summary Judgment be granted, and Plaintiff's Complaint be dismissed with prejudice. The undersigned further recommends that Plaintiff's [55] Motion for Summary Judgment be denied.

### IV. NOTICE OF THE RIGHT TO OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U. Civ. R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen days of being

served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED,** this the 18th day of November, 2021.

*s/ Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE