IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **MELVIN LAMAR PERKINS** § | | **PLAINTIFF** |
| § | | |
| v. § | | **Civil No. 1:19-cv-00916-HSO-RHWR** |
| § | | |
| § | | |
| **SCOTT MIDDLEBROOKS,** *et al.* § | | **DEFENDANTS** |

### ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [56] AND DISMISSING PLAINTIFF MELVIN LAMAR PERKINS'S CLAIMS

BEFORE THE COURT is United States Magistrate Judge Robert H. Walker's Report and Recommendation [56], which recommends granting Defendants' Motion [38] for Summary Judgment and dismissing Plaintiff Melvin Lamar Perkins's claims with prejudice. Neither Plaintiff nor any of the Defendants have objected to the Report and Recommendation [56], and the time for doing so has passed. After due consideration of the Report and Recommendation [56], the record, and relevant legal authority, the Court finds that the Magistrate Judge's Report and Recommendation [56] should be adopted and that Plaintiff claims should be dismissed without prejudice.

I. BACKGROUND

On December 2, 2019, Plaintiff Melvin Lamar Perkins ("Plaintiff" or "Perkins") filed his Complaint [1] in this Court asserting claims under 42 U.S.C. § 1983. Compl. [1] at 1. Plaintiff is a postconviction inmate in the custody of the Mississippi Department of Corrections ("MDOC") and his claims arise out of his

incarceration at the Wilkinson County Correctional Facility ("WCCF") in Woodville, Mississippi. *Id.* at 2-3. Plaintiff's Complaint [1] names as Defendants MDOC employees Scott Middlebrooks, Karen Brown, Rodrick Evans, Leddonna Evans, Ronnie Lampley, and Shetica Lockhart (collectively "Defendants"). *Id.* at 2. Subsequently, Plaintiff filed a Motion [5] to Amend/Correct his Complaint and a Motion [12] to Advise in which he raised additional claims. Mot. [5]; Mot. [12]. The Magistrate Judge construed both Motions [5][12] as Amended Complaints and granted them. Order [14]; Order [19].

> The Magistrate Judge summarized Plaintiff's claim as follows:
>
> Plaintiff's Complaints raises five distinct claims: (1) Perkins was improperly issued a rule violation report ("RVR") after a cell phone and knife were found in his cell, because another inmate, Christopher Austin, admitted they belonged to him; (2) WCCF officials retaliated against Perkins for filing prior lawsuits; (3) gang-affiliated inmates exercise undue influence at WCCF; (4) Defendant Brown told other inmates that "court writers" (i.e., prisoner litigants) were the reason for the shakedown that occurred in Plaintiff's cell; and (5) Defendant Brown interfered with Perkin's [sic] ability to obtain hygiene products typically given to indigent inmates.

R & R [56] at 2 (citing Compl. [1], Mot. [5], Mot. [12]).

MDOC operates the Administrative Remedies Program ("ARP") which allows offenders to "request [an] administrative remedy for situations arising from policies, conditions, or events within MDOC that affect them personally." Ex. 4 [38-4] at 1. Since arriving at WCCF, Plaintiff has frequently utilized this program, but he has only filed three grievances with respect to the claims raised in his Complaint [1]. Ex. 1 [40-1] at 1-2. In his first grievance, filed on or about October 12, 2019, Plaintiff sought to have the RVR issued for the contraband and weapon found in his cell

overturned. *Id.* at 2, 68-69.[1] The ARP director rejected the first grievance because Plaintiff "refused to attend his disciplinary hearing" on the RVR. *Id.* at 2-3, 72 (citing MDOC policy stating that "[i]f the inmate waives his/her right to appear and is found guilty, he/she cannot appeal the decision.").

Plaintiff's second grievance was submitted on January 2, 2020, after he had filed the present suit. *Id.* at 78. This grievance pertained to Plaintiff's claim that Defendant Karen Brown ("Brown") interfered with his access to hygiene products supplied to indigent inmates. *Id.* at 3, 78-79. Plaintiff complained that Brown was misappropriating these items and providing them to gang-affiliated inmates. *Id.* at 78-79. For this conduct, Plaintiff requested that Brown be referred to the Wilkinson County District Attorney's Office. *Id.* at 79. The ARP director notified Plaintiff that his grievance had been rejected due to its request for relief "beyond the power of the ARP to grant." *Id.* at 77, 80. For five days following Plaintiff's receipt of this notice, he had the opportunity to resubmit the grievance "requesting relief that could be addressed by the ARP, but there is no record of him doing so." *Id.* at 3.

In Plaintiff's third grievance he complained that "he was improperly being housed in a holding cell and that his custody classification had been improperly downgraded after he was issued an RVR for being in possession of a knife and a phone." *Id.* at 3, 82. He further complained that "the contraband items actually belonged to another inmate who had . . . improperly placed [them] in his cell and

---

[1] Plaintiff filed another grievance around this same time pertaining to this same issue. Ex. 1 [38-1] at 3, 73-74. The ARP coordinator did not process his second grievance because his original grievance was rejected. *Id.* at 3, 75.

[who] had been sent by staff at SMCI to kill him." *Id*. at 3, 83. This grievance was filed on February 5, 2020, more than two months after Plaintiff had filed his Complaint [1] in this case. *Id*. at 82.

On April 9, 2021, Defendants Scott Middlebrooks and Karen Brown filed a Motion [38] for Summary Judgment in which the remaining Defendants joined. Joinder [42] at 1. Defendants argue that Plaintiff's claims "are barred under the [Prison Litigation Reform Act] due to Plaintiff's failure to exhaust his available administrative remedies as to his claims against them prior to filing suit." Mem. [39] at 6. In response, Plaintiff claimed that he properly exhausted his administrative remedies prior to filing suit. Resp. [40] at 1.

On November 18, 2021, the Magistrate Judge entered a Report and Recommendation [56], recommending that the Court grant Defendants' Motion [38] for Summary Judgment and dismiss Plaintiff's Complaint [1] with prejudice. The Magistrate Judge found that Plaintiff's first grievance was procedurally defective, that his second grievance was rejected at the initial screening phase, that his third grievance was filed after he filed his suit, and that Plaintiff failed to utilize the ARP at all for his remaining claims. R & R [56] at 8-9. Based on these findings, the Magistrate Judge concluded "that Plaintiff failed to properly exhaust his available administrative remedies as to any of his claims prior to filing this suit." *Id*. at 8. The Report and Recommendation [56] was mailed to Plaintiff at his address of record on November 18, 2021. Plaintiff has not objected to the Magistrate Judge's findings

4

and conclusions, and the time for doing so has passed. *See* L.U. Civ. R. 72(a)(3); 28 U.S.C. § 636(b)(1).

## II. DISCUSSION

Because neither party has objected to the Magistrate Judge's Report and Recommendation [56], the Court is not required to conduct a de novo review of it. 28 U.S.C. § 636(b)(1); *Longmire v. Guste*, 921 F.2d 620, 623 (5th Cir. 1991) (citations omitted). The Court need only review the Report and Recommendation [56] and determine whether it is clearly erroneous or contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). Having conducted the required review, the Court finds that the Report and Recommendation [56] is neither clearly erroneous nor contrary to law, and that it should be adopted as the finding of the Court. Defendants' Motion [38] for Summary Judgment should be granted and Plaintiff's claims should be dismissed without prejudice for failure to exhaust his administrative remedies. *Bargher v. White*, 928 F.3d 439, 447 (5th Cir. 2019) ("Failure to exhaust . . . warrants dismissal without prejudice, which permits the litigant refile if he exhausts or is otherwise no longer barred by the PLRA requirements.").

## III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Magistrate Judge's Report and Recommendation [56], entered in this case on November 18, 2021, is **ADOPTED** as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiff Melvin Lamar Perkins's claims against Defendants Scott Middlebrooks, Karen Brown, Rodrick Evans, Leddonna Evans, Ronnie Lampley, and Shetica Lockhart are **DISMISSED WITHOUT PREJUDICE** for failure to exhaust his administrative remedies. A separate Final Judgment will issue in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 16th day of December, 2021.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE